PROB 12C  
(6/16)

ECF 52  
Report Date: August 29, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2025

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Travis Lee Collins                                     Case Number: 0980 2:18CR00040-RLP-1

Address of Offender: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Spokane Valley, Washington 99206

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge  
Name of Supervising Judicial Officer: The Honorable Rebecca L. Pennell, U.S. District Judge

Date of Original Sentence: June 13, 2018

| | | | |
|---|---|---|---|
| Original Offense: | Possession with intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)© | | |
| Original Sentence: | Prison - 80 months<br>TSR - 36 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Tyler Howard Louis Tornabene | Date Supervision Commenced: | February 4, 2025 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: | February 3, 2028 |

### PETITIONING THE COURT

To issue a warrant and incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 08/15/2025.

On February 5, 2025, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Collins, as outlined in the judgment and sentence. He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 5 | **Special Condition #4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: On or about August 27, 2025, Travis Lee Collins allegedly violated special condition number 4 by consuming methamphetamine.<br><br>On August 28, 2025, this officer contacted Mr. Collins and instructed him to report to the probation office by 3 p.m., in order to submit to random urinalysis and be served with his court summons. The offender claimed that he had been working additional hours, and thus requested to instead report at 4 p.m., and the undersigned obliged, although did instruct the supervisee to report promptly at 4 p.m., ready to submit to a urinalysis, and he agreed. |

Prob12C
**Re: Collins, Travis Lee**
**August 29, 2025**
**Page 2**

Later that same date, on August 28, 2025, the individual under supervision did not report to the U.S. Probation Office (USPO) until approximately 4:18 p.m. It should be noted that the USPO closes at 5 p.m. Mr. Collins was then subject to random urinalysis testing and provided a urine sample that was presumptive positive for methamphetamine. The offender denied any illicit drug use and signed a denial of use form, so the sample was prepared to be sent to the laboratory.

After submitting to urinalysis testing, the assigned probation officer met with Mr. Collins. He adamantly denied any illicit drug use, insisting that he would not lie to this officer if he had in fact relapsed. The undersigned noted that the offender appeared to be under the influence, as he had difficulty keeping his eyes open and could not stand still while we spoke.

Initially, the offender claimed that the only explanation for the presumptive positive would be the fact that he continues to associate with a woman that is actively using methamphetamine, but this officer questioned that explanation. He then stated that he had just been subject to phase urinalysis testing on August 27, 2025, which was negative, thus suggesting that there was an issue with the USPO's testing mechanism.

Eventually, Mr. Collins admitted to using methamphetamine the prior evening, on or about August 27, 2025. Because it was approximately 4:56 p.m., just minutes before close of business, the offender was instructed to report back to the probation office to meet with the undersigned at 8 a.m. on August 29, 2025.

6   **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: On August 29, 2025, Travis Lee Collins allegedly violated standard condition number 2 by failing to report to the probation office as instructed.

On August 29, 2025, the individual under supervision failed to report to the probation office at 8 a.m., as instructed. This officer attempted to call Mr. Collins, but he has not answered or responded. As of the writing of this report, the offender's whereabouts are unknown.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a warrant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 29, 2025

s/Amber M.K. Andrade

Amber M. K. Andrade
U.S. Probation Officer

Prob12C
Re: Collins, Travis Lee
August 29, 2025
Page 3

THE COURT ORDERS

[ ]  No Action
[x]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[x]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[x]  Defendant to appear before the Magistrate Judge.
[ ]  Other

_____
Signature of Judicial Officer

8/29/25
_____
Date