FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS LEE COLLINS,<br><br>Defendant. | No. 2:18-CR-00040-RLP-1<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION DENIED**<br>**(ECF No. 110)** |

On November 17, 2025, the Court held a detention review hearing to consider Defendant TRAVIS LEE COLLINS' Motion to Modify Conditions of Release and Furlough to Inpatient Treatment. **ECF No. 110**. Defendant appeared in custody represented by Court-appointed counsel David Miller. Assistant U.S. Attorney Tyler Tornabene represented the United States. U.S. Probation Officer Lori Cross was also present.

Defendant, through counsel, made factual proffers and argued there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Specifically, Defendant requested release to Sunray Court on November 19, 2025, to avail himself of inpatient substance abuse treatment.

The United States made factual proffers and argued the Court should detain Defendant. The Government asserted there are no conditions of release the Court

ORDER - 1

could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Specifically, the Government argued Defendant absconded from treatment previously and attempted to sneak controlled substances into the jail upon his return.

"[Federal Rule of Criminal Procedure] 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Pursuant to the Rule, the Court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Defendant bears the burden of establishing by clear and convincing evidence that Defendant is not a risk of flight or a danger to any other person or the community. *Id.; see also* 18 U.S.C. § 3143(a).

The Court reviewed and considered the proffers and arguments of counsel; Defendant's Motion to Modify Conditions of Release and Furlough to Inpatient Treatment, ECF No. 110; and the Violation Petition filed on September 29, 2025, alleging Violation No. 1, ECF No. 79; and the Violation Petition filed on October 7, 2025, ECF No. 91, alleging Violation Nos. 9-10. The Court further considered the nature and circumstances of the supervised release violations alleged against Defendant, the weight of the evidence against Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, Defendant's supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The Court finds, for the reasons stated during the hearing, that Defendant has failed to establish by clear and convincing evidence both that he is currently

ORDER - 2

not a flight risk and that he does not currently pose a danger to the community and any other person if released pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6); 46(d); 18 U.S.C. 3143(a).

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Modify Conditions of Release and Furlough to Inpatient Treatment, **ECF No. 110**, is **DENIED**.

2. Defendant is remanded to the custody of the U.S. Marshal pending the hearing or until further order of the Court and shall be afforded reasonable opportunity for private consultation with counsel.

3. A supervised release revocation hearing remains set for **November 25, 2025, at 9:00 a.m.** before Judge Pennell in Spokane, Washington.

**IT IS SO ORDERED.**

DATED November 17, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3